Eastern District of Kentucky
F I L E D
SEP 2 3 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 13-128-HRW

VICKI LYNN MOORE,                                          PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on October 19, 2010, alleging disability beginning on October 4, 2004, due to type I diabetes, severe scoliosis and nerve damage in her lower back (Tr. 187). She later amended the alleged onset date to October 19, 2010 (Tr. 32).

This application was denied initially and on reconsideration. On November 22, 2001, an administrative hearing was conducted by Administrative Law Judge Tommye C. Mangus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 6, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-23). Plaintiff was 50 years old at the time of the hearing decision. She has a high school education and no past relevant work.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of application (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffers from type I diabetes, hypothyroidism, scoliosis and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 17-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments (Tr. 18-19).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work, except for no climbing of ladders, ropes, or scaffolds (Tr. 19, 84). The previous ALJ further restricted Plaintiff to no more than frequent stooping, kneeling, crouching, or crawling and to no exposure to vibration (Tr. 19, 84). In terms of mental health restrictions, the previous ALJ found that Plaintiff had limited but satisfactory ability to deal with stress, was able to understand, remember, and carry out simple one-two step instructions, and was able to understand and remember detailed instructions (Tr. 19, 84).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 44-45). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

3

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only argument on appeal concerns the hearing transcript. She states that much of her testimony was inaudible and thus not transcribed. She contends that, as a consequence, her rights to a fair hearing were violated. The Court disagrees. A thorough review of the transcript reveals that most of Plaintiff's testimony is transcribed, and the missing words do not prevent this Court from conducting a thorough review. One inaudible notation occurs in Plaintiff's answer to the question of whether her birth date on record was correct, a fact not in dispute in this action (Tr. 33). The meaning of other missing words is obvious from the context. The ALJ asked Plaintiff if she was able to take care of her home, and Plaintiff responded that she had help from her mother and sister, who helped her with the "hard things like cleaning the oven" and "shampooing the carpets" (Tr. 38). The missing phrase relates to some other "hard thing" that Plaintiff's mother and sister did for her (Tr. 38). It is not necessary to know exactly what that other item is in order to comprehend the point Plaintiff was making. A third inaudible word was spoken in response to a similar inquiry from counsel(Tr. 43).

Plaintiff also testified about the nature of her back pain. Although the transcript is unclear

4

because of inaudible words, further questioning by the ALJ makes clear that Plaintiff testified that three quarters of the time she had back pain and the other quarter of the time her pain was controlled with medication (Tr. 20, 40).

Another inaudible notation occurs when Plaintiff was asked about her management of her type I diabetes. She responded, "I take four [INAUDIBLE] shots a day" (Tr. 35). There can be no doubt the missing word is insulin, especially given that the premise of the very next question was, "You're taking insulin every day . . . ." (Tr. 20, 36). Plaintiff also mentioned her back problems, stating that she had "a severe [INAUDIBLE] scoliosis" (Tr. 20, 35). Again, context makes clear that Plaintiff spoke the words "case of" or something equivalent in meaning. Furthermore, the other instances of inaudibility—which involve additional examples or descriptions of problems—likewise do not detract from the general meaning of Plaintiff's testimony (Tr. 20, 36, 42).

This cases distinguishable from other cases which necessitated remand due to the inaudibility of the administrative hearing's transcript. For example, in *Pratts v. Chater*, 94 F.3d 34 (2d Cir.1996), the Second Circuit remanded a case after finding that the transcript of the hearing omitted the testimony of the only medical expert which testified, especially since this was the testimony on which the ALJ most relied in evaluating the medical evidence in the record. Additionally, in *Mullen v. Sec'y of Health & Human Servs.*, 878 F.Supp. 682 (D.Del.1995), a district court ordered remand where three minutes of a twelve minute hearing were untranscribed, and there were additional instances in the remaining nine minutes where testimony was listed as inaudible. Conversely, in the case now before the Court, the overwhelming majority of Plaintiff's hearing is transcribed. There are only small segments which are listed as inaudible. Moreover, the inaudible segments did not prevent the ALJ from discerning the meaning of the missing

5

portions, and likewise do not prevent this Court from conducting a thorough review.

Plaintiff makes other cursory arguments which the Court will not consider. The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " ' [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of September, 2014.

